ROBERT WAGGENER - SBN - 118450
214 DUBOCE AVENUE
SAN FRANCISCO, CA 94103
Phone:        (415) 431-4500
Fax:          (415) 255-8631
E-Mail:       rwlaw@mindspring.com

Attorney for Defendant **CHRISTIAN RODRIGUEZ-VALLE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19-0381-10 CRB |
| Plaintiff, | **DEFENDANT CHRISTIAN RODRIGUEZ-VALLE' SENTENCING MEMORANDUM** |
| v. | |
| CHRISTIAN RODRIGUEZ-VALLE, | Date: May 12, 2020 |
| Defendant. | Time: 1:30 p.m. |
| / | Judge: Honorable Charles R. Breyer |

**INTRODUCTION**

Defendant CHRISTIAN RODRIGUEZ-VALLE appears before this Court for sentencing following his conviction of Conspiracy to Distribute A Controlled Substance (21 U.S.C.§§ 846, 841(a)(1)(b)(1)(C). Mr. Rodriguez-Valle entered his plea on March 11, 2020 pursuant to a plea agreement [ECF Nos. 158, 160]. The Presentence Report was waived in anticipation of an expedited sentencing proceeding. Sentencing was first scheduled for April 1, 2020. Due to the pandemic and the Court's general orders, the sentencing date was rescheduled by the Court to May 12. At the time of the entry of the plea, defendant lobbied for a credit for time served sentence. That position has not changed. Mr. Rodriguez-Valle has now been in continuous federal custody since August 6, 2019, a period of over nine months.

Mr. Rodriguez-Valle is 24 years old, and about to be 25 on May 21st. He was born in Honduras and he is one of the dozens of defendants swept up in the wiretap driven federal investigation focusing on drug dealing in the Tenderloin. Mr. Rodriguez-Valle was a street level

dealer, distributing small quantities of various substances.  He has a minimal criminal record and he was at the bottom of the local drug distribution food chain.  He is penniless and all he wants to do is be deported back to Honduras and get out of the virus-ridden Santa Rita jail facility.

The plea agreement in this case contains an agreement as to an Adjusted Offense Level of 19, based on a three level reduction for acceptance of responsibility after calculating a Base Offense Level of 22 founded on at least 80KG but less than 100KG of Converted Drug Weight.  There is no agreement as to Criminal History Category, but the parties now agree that the defendant is a CHC I.  The plea agreement contemplates defendant's request for a variance pursuant to 18 U.S.C. §3553(a), and that is exactly what is being requested.  This Court should let Mr. Rodriguez-Valle out of jail and let him go home.

## I.

## **THE OFFENSE CONDUCT**

The factual basis set out within the plea agreement is pretty straightforward.  Mr. Rodriguez-Valle agreed with another co-conspirator to distribute heroin, methamphetamine, cocaine, and cocaine base in the Tenderloin neighborhood of San Francisco.  He understood that he needed to purchase drugs from the co-conspirator and then he would resell them in the Tenderloin.  The underlying reality is that Mr. Rodriguez-Valle had some suspicious phone calls to a phone that was the target of a federal wiretap, and the resulting follow up investigation showed that he was a street level dealer, distributing gram weight quantities of controlled substances.

On August 6, 2019 a search warrant was executed at Mr. Rodriguez-Valle's studio residence on Havenscourt Boulevard in Oakland.  Mr. Rodriguez-Valle lived at the residence with four other individuals, including his brother and cousin, and all five people were arrested.  Mr. Rodriguez-Valle was arrested pursuant to a federal arrest warrant, and the other four were arrested and charged with drug offenses in Alameda County Superior Court.  The other four individuals arrested, all from Honduras, were Reynaldo Josael Arias-Valle, Carlos Alfredo Murillo-Valle, Louis Fernando Melendez-Marques, and Erlin Raul Baco-Navarro.

**DEFENDANT CHRISTIAN RODRIGUEZ-VALLE'S**
**SENTENCING MEMORANDUM**

One stash of drugs was found in the kitchen of the studio apartment, all inside a small box inside a white cabinet on the kitchen table. Agents also found a small scale on the kitchen table with suspected drug residue. Inside the box were two baggies containing a white powdery substance (cocaine and fentanyl weighing less than 10 grams), three baggies containing a white rocky substance (crack cocaine weighing just over 13 grams), one bag containing a brown rocky substance (heroin weighing just over 30 grams), and three plastic baggies containing a brown powdery substance (small quantities of suspected heroin and fentanyl).

Mr. Rodriguez-Valle was intercepted over the federal wiretaps on a total of less than ten suspicious phone calls or texts. No drugs were seized as a result of this phone traffic, and the only drugs seized as a result of the investigation were the gram quantities from the Oakland studio apartment. Significant for sentencing disparity analysis purposes is what happened in the state court prosecutions of the four other Honduran men who lived in the Oakland studio, including Mr. Rodriguez-Valle's brother and cousin. All four men were originally charged in Alameda County with multiple courts of possessing drugs for purposes of for sale (California Health and Safety Code § 11351). All four defendants resolved their cases for probationary sentences, with one pleading guilty to a felony, and three pleading guilty to a misdemeanor.

- On September 27, 2019 defendant Luis Fernando Marquez pleaded no contest to a felony charge of being an accessory (California Penal Code §32). He was sentenced to five years of probation and received a credit for time served sentence of 106 days (53 actual). (Attached hereto as Exhibit A is the Alameda County Superior Court docket for Mr. Marquez).
- On August 30, 2019 defendant Reynaldo Josael Arias-Valle pleaded no contest to a misdemeanor charge of being an accessory (California Penal Code §32). He was sentenced to three years of probation and received a credit for time served sentence of 24 days (12 actual). (Attached hereto as Exhibit B is the Alameda County Superior Court docket for Mr. Arias-Valle)

**DEFENDANT CHRISTIAN RODRIGUEZ-VALLE'S
SENTENCING MEMORANDUM**

- On August 30, 2019 defendant Carlos Murillo-Valle pleaded no contest to a misdemeanor charge of being an accessory (California Penal Code §32).  He was sentenced to three years of probation and received a credit for time served sentence of 20 days (10 actual).  (Attached hereto as Exhibit C is the Alameda County Superior Court docket for Mr. Carlos Murillo-Valle).

- On September 13, 2019, defendant Erlin Raul Baco-Navarro pleaded no contest to a misdemeanor charge of being an accessory (California Penal Code §32).  He was sentenced to three years of probation and received a credit for time served sentence of 11 days (11 actual).  (Attached hereto as Exhibit D is the Alameda County Superior Court docket for Mr. Erlin Raul Baco-Navarro).

## II.

## DEFENDANT'S BACKGROUND

The defendant waived the preparation of a Presentence Report in order to expedite his sentencing.  In lieu of a background and personal history summary prepared by a probation interview, the following summary is provided as a result of counsel's interviews with the defendant.  Significantly, counsel had not been able to logistically speak with the defendant for almost 45 days because the defendant's entire pod at Santa Rita Rita was quarantined as a result of the COVID-19 Virus up until April 29.  A half-hour phone call was arranged on April 30, and a one hour video conference took place last weekend.

The defendant was born in the capital of Honduras, Tegucigalpa, on May 21, 1995.  Both of his parents are still alive and still live in Tegucigalpa.  His father, Juan Antonio, is approximately 73 years old, and his mother, Maria Eulalia, is 54 years old.  The father is now retired and his mother has always been a homemaker.  Since the time Mr. Rodriguez-Valle was an infant, his father traveled to the United States for employment and stayed for long periods of time, sending money back to Honduras to support his family.  His employment in the United States was working in factories and the construction trade in New Jersey, and then working for a period of approximately ten years at a juice factory in Arizona.

Mr. Rodriguez-Valle describes a life of poverty in the city of Tegucigalpa, growing up in a wooden hut and lacking basic necessities. Mr. Rodriguez-Valle has eight siblings ranging from 21 to 35 years old. He has two half siblings on his father's side, and five half siblings on his mother's side. He is the second youngest of the nine children, with a 21 year old younger sister with the same parents.

Mr. Rodriguez-Valle went to school through the seventh grade. When he left school at 14 years old, he moved out of his family home and rented a room. He supported himself by selling bread on the streets. At the age of 15 he traveled to New Jersey with his father and found jobs in factories and the construction business. After spending over two years in New Jersey, he could not find additional work, and went to live with cousins in Salt Lake City, Utah.

In the summer of 2014, Mr. Rodriguez-Valle suffered an arrest on some drug related charges, but the charges were dismissed. The arrest, however, did result in the deportation of the defendant back to Honduras. He was still a teenager.

Mr. Rodriguez-Valle stayed in Honduras for over two years with his mother. It was a poor existence and he survived by selling candy on the street. He returned to the United States a couple of years ago, first working cutting down trees in Arizona. Eventually he moved to the Bay Area to live with some other cousins.

The defendant is not married and he has no children. His significant medical conditions are that he has been calcium deficient all of his life and he has some sort of heart murmur problem that has never been treated. He reports being regularly hospitalized as a child as a result of his heart problem, and he was continuously advised when he was younger to restrict his physical activity and avoid any excitement. The Court will notice that he is missing his two front teeth (resulting in his nickname of "toothless" on the local streets). He lost his teeth many years ago as a result of his calcium deficiency, and the medical condition has never been addressed.

In terms of his future goals, Mr. Rodriguez-Valle wants out of jail for a variety of reasons, not the least of which is his feared exposure to the COVID virus, and he wants to return to his native Honduras. He seeks some stability in his life and someday he would like to have

children and a family.  Returning to Tegucigalpa, he is going to try and find work in construction or find a way to open a candy shop.

### III.

### DEFENDANT'S CRIMINAL HISTORY

Defendant Rodriguez-Valle's local contact with law enforcement admittedly has a factual overlap with this case.  On April 12, 2019 the defendant was arrested by San Francisco Police Department officers at 350 Golden Gate Avenue, just down the street from the federal building, in possession of gram quantities of methamphetamine, cocaine, and fentanyl.  He was charged in the San Francisco Superior Court with multiple counts of possessing drugs for sale, but there is no record of a conviction.  He was released after being arrested, and was then again arrested for violating a stay away order by being at a donut shop in the Tenderloin.  The parties agree that he is a CHC I.

### IV.

### DEFENDANT'S ROLE IN THE OFFENSE

It is undisputed that Mr. Rodriguez-Valle was a street level dealer and not a supplier.

### V.

### 3553 FACTORS REGARDING THE DEFENDANT

The primary directive in § 3553(a) is that the court must impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing.  *See*, 18 U.S.C. § 3553(a) Those purposes include the need:  (1) to provide just punishment; (2) to create adequate deterrence; (3) to protect the public; and (4) to provide the defendant necessary treatment and training.  18 U.S.C. § 3553(a)(2).

Mr. Rodriguez-Valle grew up in poverty in Honduras, and was originally brought to this country by his father when he was 15 years old. Even at that age he found work in New Jersey and lead a productive life, sending money back to his family in Honduras. When that work ran out after a couple of years, he traveled to Utah to stay with relatives. His time in Utah included an arrest for drugs, but he avoided a conviction and was deported back to Honduras. He tried to

make a living in Tegucigalpa, but was lured back to this country in an effort to support himself and his family. Unfortunately, he ended on the lower rungs of the Tenderloin drug trade, caught up with fellow Hondurans providing drugs to the local addict population for minimal gain.

Mr. Rodriguez-Valle has never previously been in jail for more than a couple of days. Now he has been at Santa Rita jail for over nine months, including enduring and so far surviving the ravages of the COVID virus. There is an immigration detainer in place, and his deportation is imminent after this criminal case is over. A time served sentence for Mr. Rodriguez-Valle is absolutely a fair and just punishment under the facts and circumstances of this case.

## VI.

## AVOIDING SENTENCING DISPARITY IN TREATMENT OF LIKE OFFENDERS

Sentencing disparity is a relevant consideration for the Court to consider, and is especially significant with respect to the defendant in this case. When Mr. Rodriguez-Valle was arrested in Oakland last August with his four fellow countrymen roommates, he got charged in federal court and the others were charged in Alameda County. They were all in the same business, and they had a shared box containing gram quantities of drugs sitting on their kitchen table. In Alameda County Mr. Rodriguez-Valle's brother and cousin and a third defendant resolved their cases for misdemeanor probation, and the fourth defendant pleaded to the same charge of being an accessory, but as a felony. He also got probation. The three misdemeanor defendants respectively served 12, 10, and 11 days in actual custody, and the felony defendant served 53 days, all for the same drug stash. Mr. Rodriguez-Valle has now served basically five times as much time as the felony defendant in the state case, and twenty five times as much time as the misdemeanor defendants. The disparity of punishment is palpable.

A time served sentence will also avoid sentencing disparities for street level dealers in this case and the related cases.

In this case, street level dealers have been sentenced as follows:

1. Jose Franklin Rodriguez Garcia: 12 months and 1 day on March 4, 2020 [ECF No. 153] ;

2. Bray Martinez: Time Served on April 30, 2020 [ECF No. 195]; and

**DEFENDANT CHRISTIAN RODRIGUEZ-VALLE'S**
**SENTENCING MEMORANDUM**

7

3. Kevin Arteaga-Morales: Time Served on April 30, 2020 [ECF No. 196].

In the related case CR-19-367-CRB street level dealers have been sentenced as follows:

1. Julio Cesar Viera-Chirinos: Time Served on December 18, 2019 [ECF No. 143];

2. Yordi Yavier Agurcia Galindo: Time Served on February 12, 2020 [ECF No. 175];

3. Gustavo Adolfo Gamez-Velasquez: Time Served on March 11, 2020 [ECF No. 196];

4. Rudis Valladeres-Caceres: Time Served on March 11, 2020 [ECF No. 202];

5. Elvin Mejia-Padilla: Time Served on March 11, 2020 [ECF No. 197]; and

6. Rudulio Alexo Garcia: Time Served on March 18, 2020 [ECF No. 209].

Mr. Rodriguez-Valle is not deserving of a sentence exceeding that of the similarly situated defendants listed above.

## **CONCLUSION**

For the foregoing reasons, the defense respectfully submits that a sentence of time served be imposed on Mr. Rodriguez-Valle as sufficient to fulfill the statutory mandate of 18 U.S.C. § 3553(a).

Dated: May 6, 2020                              Respectfully submitted,


                                                /s/
                                                ROBERT WAGGENER
                                                Attorney for Defendant
                                                CHRISTIAN RODRIGUEZ-VALLE

DEFENDANT CHRISTIAN RODRIGUEZ-VALLE'S
SENTENCING MEMORANDUM
8